**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2838-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARLOS LOPEZ, a/k/a
CARLOS M. LOPEZ,

    Defendant-Appellant.

_____

Submitted September 21, 2020 – Decided October 15, 2020

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 13-04-0511.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Carlos Lopez appeals from the December 14, 2018 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The following facts are derived from the record. In 2014, a jury convicted defendant of first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a); third-degree terroristic threats, N.J.S.A. 2C:12-3(b); and fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(3). In a separate trial that immediately followed, the jury convicted defendant of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1).

On the armed robbery conviction, the trial court sentenced defendant to a twenty-year term of incarceration, with an eighty-five-percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The remaining convictions relating to the robbery were merged into the armed robbery conviction. The trial court also sentenced defendant to a consecutive seven-year term of incarceration, with a five-year period of parole ineligibility, on the certain persons offense.

A-2838-18T1

Defendant's convictions arose from the armed robbery of a gas station attendant in Highland Park. At trial, the victim testified that a man in a gray hooded sweatshirt and black jacket approached the station on foot, pointed a gun at his head, and demanded money. After taking approximately $800, the gunman fled toward Woodbridge Avenue. During the robbery, a plastic piece of the robber's gun broke off. The following day, the victim told a detective he could easily identify the robber because he had come to the gas station to try to sell him a bicycle three days earlier. In addition, the victim reported that the robber had previously attempted to sell him raincoats or ponchos from a green Dodge minivan.

The detective recalled that during an encounter with defendant a year earlier, defendant had a box of raincoats in the back of his green Dodge minivan. Three days after the robbery, the victim identified defendant from a photo array.

The following day, officers arrested defendant at his home. During the arrest, the officers saw, but did not seize, a gray hooded sweatshirt that matched the description the victim had given of the suspect's clothing. After waiving his Miranda[1] rights, defendant initially denied knowing the gas station in question, but eventually admitted that the gas station was near a Bank of America branch

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

 A-2838-18T1

he used frequently, that he sold raincoats out of his minivan at gas stations, and that he tried to sell a bicycle to the attendant about a week before the robbery. He stated he was at home with his wife and cousin on the night of the robbery.

During a search of defendant's home, police seized the gray hooded sweatshirt, as well as a black jacket matching the victim's description of the robber's clothing. In addition, officers found two handguns, one with a broken piece of plastic, and a stun gun in a closet belonging to Ralph Cruz, a friend of defendant's wife, with whom the couple lived. Cruz testified that on the night of the robbery he drove defendant, who was wearing a gray hooded sweatshirt, to a pharmacy a few blocks from the gas station. According to Cruz, after defendant completed his purchase, he returned to the car. As Cruz drove to a convenience store, defendant asked him to turn onto a side street near the gas station and park. Defendant left the car, said he "would be right back," and headed on foot toward Woodbridge Avenue in the direction of the gas station. Six minutes later, defendant returned and said he had "just robbed a gas station." While Cruz did not see a gun in defendant's possession, he noticed "something was bothering" defendant in the area of his waist.

At trial, Cruz identified defendant in a video recording captured by a surveillance camera at the pharmacy about twenty minutes prior to the robbery.

Defendant was wearing a gray hooded sweatshirt. In addition, a surveillance recording from the Bank of America branch showed someone fitting the suspect's description running from the gas station toward Woodbridge Avenue.

On direct appeal, we affirmed defendant's convictions and sentence. State v. Lopez, No. A-4552-14 (App. Div. Apr. 11, 2017). The Supreme Court denied defendant's petition for certification. State v. Lopez, 233 N.J. 111 (2017).

Defendant subsequently filed a PCR petition alleging he received ineffective assistance of counsel at trial. He argued his attorney failed to investigate defendant's wife as an alibi witness. In a certification attached to the petition, defendant's wife attested that she was at work on the night of the robbery and made numerous phone calls to the landline at the couple's house. She certified that she spoke with defendant on the landline "at various times throughout the afternoon and into the evening." She also certified that had she been called as a witness she would have testified the couple regularly paid their bills, even though defendant had been out of work for several months at the time of the robbery. Defendant submitted a nearly identical certification. Both defendant and his wife certified that trial counsel advised them the proposed alibi testimony was not strong and should not be used at trial.

On December 14, 2018, the trial court issued an order denying defendant's PCR petition without an evidentiary hearing. The court concluded defendant had not established a prima facie claim that trial counsel's performance was objectively deficient. In addition, the court concluded that given the overwhelming evidence of defendant's guilt, it is unlikely that his wife's alibi testimony, if presented to the jury, would have resulted in an acquittal.[2]

This appeal followed. Defendant raises the following arguments:

> POINT I
>
> THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MR. LOPEZ'S CLAIM THAT HE IS ENTITLED TO AN EVIDENTIARY HEARING.
>
> POINT II
>
> IN THE ALTERNATIVE, MR. LOPEZ IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE AND PRESENT AN ALIBI WITNESS.

---

[2] The December 14, 2018 order includes written findings of fact and conclusions of law explaining the court's decision. We reject defendant's argument that the order is insufficient to satisfy the court's obligations under Rule 1:7-4(a).

A-2838-18T1

## II.

Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]" "A petitioner must establish the right to such relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). "To sustain that burden, specific facts" which "would provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's

A-2838-18T1

performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 at 157-58). A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines

that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

"[T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied effective assistance of counsel." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). A PCR petition must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity[,]" State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance[,]" Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170); see also R. 3:22-10(c). When a defendant argues that his attorney failed to call an alibi witness, "he must assert the facts that would have been revealed, 'supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.'" State v. Petrozelli, 351 N.J. Super. 14, 23 (App. Div. 2002) (quoting Cummings, 321 N.J. Super. at 170).

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the December 14, 2018 order of the

9

Law Division. We agree with the trial court's conclusion that defendant did not establish a prima facie claim of ineffective assistance of trial counsel and that a hearing on his PCR petition was not warranted.

Both defendant and his wife certified that trial counsel considered presenting defendant's wife as an alibi witness and determined her testimony would be of little value. This strategic decision was objectively reasonable. Our Supreme Court has observed that "[d]etermining which witnesses to call to the stand is one of the most difficult strategic decisions that any trial attorney must confront." State v. Arthur, 184 N.J. 307, 320 (2005). "[A] defense attorney's decision concerning which witnesses to call to the stand is 'an art,' and a court's review of such a decision should be 'highly deferential . . . .'" Id. at 321 (quoting Strickland, 466 U.S. at 689, 693).

There several reasons why competent counsel might advise against calling defendant's wife as an alibi witness. First, the proposed testimony would contradict what defendant told detectives shortly after the robbery. During his post-arrest interview, defendant claimed he was at home with his wife at the time of the robbery. Her certification states that she was at work at the time of the robbery. Second, the proposed testimony, even if true, does not constitute an alibi. Defendant's wife does not certify that she was on the phone with

defendant for the entire evening of the robbery. She certifies only that she had telephone conversations with him at various times that evening. Trial testimony established the couple's house was close to the gas station. Defendant could have, as Cruz testified, left the home and committed the robbery in a relatively short period of time between conversations with his wife. Third, defendant's wife has an obvious interest in his acquittal and would likely not have been considered by the jury to be a reliable alibi witness on behalf of her husband.

In addition, we agree with the trial court's conclusion that it was not likely the alibi testimony, if offered, would have changed the outcome of the trial. The jury heard testimony from the victim identifying defendant with certainty as the robber. Cruz also implicated defendant in the robbery by placing him close to the gas station when the crime took place and repeating his inculpatory admission. Clothing matching the victim's description of the robber's attire was found in defendant's home, as was a gun with broken plastic, which is consistent with the victim's account of the robbery. A video from defendant's bank branch shows a suspect matching the victim's description of the suspect fleeing from the gas station. The evidence of defendant's guilt was overwhelming.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2838-18T1